**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francesco Perfetti, | No. CV-25-04324-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Jay Douthit, et al., | |
| Defendants. | |

Before the Court is a Motion to Remand this matter back to Maricopa County Superior Court, filed by Francesco Perfetti ("Perfetti"). (Doc. 14). Jay Douthit ("Douthit") and Crena Transportation Services, LLC ("Crena") (collectively "Defendants") have filed a Response and Plaintiff has filed a Reply. (Docs. 17 & 18). For reasons stated below, the Court will grant the Motion to Remand.

**I.    Background**

Perfetti was following a freight truck going eastbound on the 202 highway. (Doc. 1 at ¶¶ 9–10). The freight truck was being driven by Douthit and was owned by Crena. (*Id.* at ¶¶ 10 & 26). Before either party could make it to their destination, Plaintiff's car collided with the freight truck. Perfetti surmises that this was due to the wheels of the freight truck locking up and causing the truck to stop suddenly. (*Id.* at ¶ 11). Consequently, Perfetti says he sustained injuries. (*Id.* at ¶ 12). Believing he was not at fault for the collision, Perfetti brought a three-count complaint against Douthit and Crena in the Superior Court of Arizona for the following claims: (1) negligence; (2) negligence per se; and (3) respondeat

superior. (*Id.* at ¶¶ 14–30). When Defendants removed the case to this Court, Perfetti opposed. (Doc. 14). While Defendants allege that this Court has jurisdiction over the state law claims because of the Federal Motor Carrier Safety Administration ("FMSCA") regulations, Perfetti believes the case properly belongs in state court. In defense of his point, Perfetti brought a Motion to Remand to the Court's attention. The Court will grant that Motion.

## II.    Legal Standards

Absent complete diversity of opposing parties, the only avenue for original federal jurisdiction is federal question under 28 U.S.C. §1331. The statute in full reads: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Likewise, a state court action may only be removed to a federal court, if the federal court could have exercised original jurisdiction. *Sacks v. Dietrich*, 663 F.3d 1065, 1068 (9th Cir. 2011) (citing 28 U.S.C. § 1441(a)). Put differently, if the action could have been brought to federal court in the first instance, it can stay here.

Federal question jurisdiction is limited to two circumstances: (1) when the plaintiff's well-pleaded complaint invokes a federal cause of action or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983). In this second category of cases, federal jurisdiction may exist if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Id.* at 13. The following four factors need to be met to find that federal question jurisdiction exists over state law claims: (1) the federal issue is necessarily raised: (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court federal court without disturbing the federal-state balance approved by Congress. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The absence of even one factor is fatal to the claim that federal question jurisdiction exists. *Id.*

Additionally, the removal statutes are construed strictly and if there is any doubt as

to the right of removal, district courts should reject the removal as improper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (finding that a Court should reject removal "[I]f there is any doubt as to the right of removal in the first instance.").

**III.    Discussion**

Perfetti argues that this entire matter can be resolved using Arizona state law and that a federal issue is not necessarily raised.  (Doc. 14 at 4).  Perfetti says, even if the FMSCA regulations somehow conferred a duty of care on truck drivers and commercial carriers, it is a corollary issue that does not necessarily implicate federal law. (*Id.*) Defendants contend that the FMSCA regulations are an essential component of the Plaintiff's allegations.  (Doc. 17 at 4).  The gist of Defendants' arguments is that only the FMSCA regulations can provide for the underlying standard of care required of truck drivers, so federal law must apply.

The Court finds that Defendants cannot meet the first factor of the four-factor test to establish the Court's jurisdiction. A federal issue is necessarily raised when a state-law claim implicates a federal issue. *Arizona ex rel. Brnovich v. Volkswagen AG*, 193 F. Supp. 3d 1025, 1028 (D. Ariz. 2016). But this requirement is absolute. In other words, it is not enough that a federal issue *might* be implicated, it *must* be implicated. *Arizona ex rel. Brnovich*, 193 F. Supp. at 1028.  Simply because a federal claim might also apply does not provide enough for a federal issue to be necessarily raised.  *Id.* In fact, when a "claim can be supported by alternative and independent theories—one of which is a state law theory and one of which a federal law theory—federal law does not attach because federal law is not a necessary element of the claim.  *Nevada v. Bank of Am. Corp.,* 672 F.3d 661, 675 (9th Cir. 2012). Here, Plaintiff brought three claims against Defendants: negligence, negligence per se, and respondeat superior.  (Doc. 1 at 17–18).  Defendants contend that federal law is implicated because their duty of care should be determined by the FMSCA regulations because the FMSCA regulations are the "only duties that apply in this scenario for Defendants."  (Doc. 17 at 4).  The Court disagrees.

As an initial matter, by stating that the FMSCA regulations are the "only" duties

that apply in this scenario, the Defendants seem to invoke preemption.[1] (Doc. 17 at 4). But preemption is an unpersuasive argument in this case. While agency regulations can pre-empt state or local law, the circumstances giving rise to that preemption are rare. *W. States Trucking Ass'n v. Schoorl*, 377 F. Supp. 3d 1056, 1072 (E.D. Cal. 2019). An agency can determine, via regulation, that a state or local law conflicts with the regulation, and is therefore pre-empted. *Id.* Or the agency can decide that its authority is exclusive in a certain area and that can lead to preemption for state and local laws as well. *Id.*

Neither situation applies to the FMSCA. The FMSCA regulations only prevent states from "having any law or regulation pertaining to commercial vehicle safety in interstate commerce which the Administrator finds to be incompatible with the provisions of the [Regulations]. *See* 49 C.F.R. § 355.25(a). What the statute does not contemplate is any type of preemption. *See W. States Trucking Ass'n v. Schoorl*, 377 F. Supp. at 1072 ("Congress made clear in various sections of the Motor Carrier Safety Act that no such comprehensive preemption was contemplated or intended.") (internal quotations omitted). But perhaps most importantly, assuming arguendo that a duty of care under the FMSCA could apply, does not mean that the federal question is necessarily raised. As stated by the Court above, it is not enough that a federal issue *might* be implicated, it *must* be implicated. *Arizona ex rel. Brnovich*, 193 F. Supp. at 1028. And, because Plaintiff's claims can be based on an independent state law theory, the FAC does not necessarily raise a federal question. *Nevada.*, 672 F.3d at 675. All of Plaintiffs claims can be disposed of via Arizona state law. *Id.* ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

Additionally, the FMSCA does not create a private right of action. *See* 49 U.S.C. § 31141; *see also California Trucking Ass'n v. Becerra*, 438 F. Supp. 3d 1139, 1148 (S.D.

---

[1] To quote Defendants: "It is not a matter of whether the FMCSA regulations *could* be used as a standard of care, but rather the fact that FMCSA regulations are the *only* duties that apply in this scenario for Defendants." (Doc. 17 at 4) (emphases in original).

Cal. 2020) (interpreting the FMSCA to say as much). The distinction is important because Perfetti has brought a negligence per se claim as one of his theories of liability.  Negligence per se can only be rooted in statute.  *Bridgeman v. United States*, 2011 WL 221639, at *13 (E.D. Cal. Jan. 21, 2011).  Alone, the FMSCA cannot provide the basis for a lawsuit. *Id.* It follows then that a statute that does not provide for a private right of action, cannot then provide a duty of care standard for negligence per se liability to attach. But perhaps most importantly, assuming arguendo that a duty of care under the FMSCA could apply, does not mean that the federal question is necessarily raised. As stated by the Court above, it is not enough that a federal issue *might* be implicated, it *must* be implicated. *Arizona ex rel. Brnovich*, 193 F. Supp. at 1028. And, because Plaintiff's claims can be based on an independent state law theory, the FAC does not necessarily raise a federal question. *Nevada.,* 672 F.3d at 675. Having found that Defendants have not satisfied the first factor of the Gunn test, the Court will remand this case to Maricopa Superior Court. *See Lake v. Ohana Mil. Communities, LLC*, 14 F.4th 993, 1007 (9th Cir. 2021) ("Because Defendants fail to satisfy the first *Gunn* prong, we need not address the other three.").

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 14) is **granted**. The Clerk of Court is kindly directed to remand this matter back to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 23) and Plaintiff's First Motion to Expedite (Doc. 27) are **denied as moot.**

Dated this 25th day of June, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 5 -